# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

BETTY G. RUNNER                                                        PLAINTIFF

v.                                     CIVIL ACTION NO. 3:10-CV-410-S

COMMONWEALTH OF KENTUCKY et al.                            DEFENDANTS

## MEMORANDUM OPINION and ORDER

Before the Court is Defendants' motion to dismiss the complaint or, alternatively, motion for summary judgment (DN 13). The matter being ripe, the Court will grant Defendants' motion for the following reasons.

I.

On June 10, 2010, Plaintiff Betty G. Runner filed the instant lawsuit against the Commonwealth of Kentucky; Janie Miller, Secretary, Cabinet for Health and Family Services; Rebecca Cecil, Executive Director, Commission for Children with Special Healthcare Needs; and J.P. Hamm. Her complaint alleges employment discrimination in the form of "(1) retaliation, (2) age, (3) disability (ADA) and (4) race (5) black in violation of Title VII of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, age (ADEA), all federal and state laws and statu[t]es." She states that from November 2004 until March 20, 2008, she was employed at the Cabinet for Health and Family Services, Commission for Children with Special Health Care Needs. According to the complaint, Defendant Hamm is the "Appointing Authority" for the Cabinet for Health and Family Services, and he involuntarily transferred Plaintiff in November 2005; suspended her for one day without pay in April 2007; suspended her for three days without pay in October 2007; and wrongfully dismissed her on March 20, 2008. She also alleges that on March 28, 2008, John Nix, a payroll employee for the Cabinet for Health

and Family Services, did not give her a proper final paycheck in that it had no proper itemization or deduction and therefore violated Kentucky law. She also complains about a subpoena issued by the Cabinet to her present employer to obtain evidence to defend a Personnel Board Administrative appeal.

She attaches Equal Employment Opportunity Commission (EEOC) charge form 474-2007-00993 dated June 21, 2007, in which she made charges related to Title VII and the ADEA, specifically claiming that since May 2007 she had been subjected to different terms and conditions of employment in regard to leave time and had been threatened with a downgrade or demotion and disciplinary actions. Also attached is a March 17, 2008, EEOC "right to sue" letter stating that she could file suit within 90 days regarding those charges. She also attaches to her complaint an EEOC form for charge number 474-2008-007733 dated March 4, 2008, in which she charged that since she had previously filed an EEOC charge she had been retaliated against. She also attaches an EEOC "right to sue" letter dated July 30, 2008, in reference to that EEOC charge number. That letter also explained that Plaintiff had 90 days from receipt of that notice to file suit.

II.

In their motion, Defendants argue that the causes of actions which she asserted in her EEOC charges are time-barred because the EEOC dismissal letters were issued on March 17, 2008, and July 30, 2008, so the last 90-day period to file suit expired on October 28, 2008.

Defendants also assert that Plaintiff's claims as to her dismissal, the subpoena to her employer, and the form of her final paycheck, which were not the subject of an EEOC charge, are barred by her failure to exhaust administrative remedies. Defendants further argue that the

Rehabilitation Act and ADA claims are not adequately pled and are beyond the one-year statute of limitations.

Plaintiff does not address the time-bar issue at all in her response (DN 15), although she does allude to the fact that she previously had filed two cases in this Court raising the same allegations. Defendants point out in their reply (DN 17) that she does not dispute that she did not timely file her suit and she impliedly concedes that she did not exhaust her administrative remedies by filing a new complaint with the EEOC concerning her most recent grievances. Plaintiff filed a sur-reply to Defendants' reply (DN 18), which also does not address Defendants' statute-of-limitations argument.[1]

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although a court ruling on a Rule 12(b)(6) motion may not consider matters outside the pleadings, *see Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989), when a plaintiff attaches an exhibit to the complaint, the attachment becomes a part of that pleading and may be considered. *See* Fed. R. Civ. P. 10(c). Thus, the Court may consider the EEOC right-to-sue

---

[1] Plaintiff failed to file a motion for leave to file her sur-reply and neither the Federal Rules of Civil Procedure nor the Local Rules of this Court, specifically LR 7.1, provide for the filing of sur-replies. Nevertheless, the Court has considered it.

letters which Plaintiff submitted as attachments to her complaint. As Defendants point out, Plaintiff had 90 days from receipt of the March 17, 2008, right-to-sue letter and 90 days from receipt of the July 30, 2008, right-to-sue letter in which to file suit. She did not file the instant action until June 10, 2010.

Although Plaintiff does not respond directly to Defendants' argument that her claims are time-barred she does allude to her case against the Commonwealth of Kentucky, the Kentucky Cabinet for Health and Family Services, and the Commission for Children with Special Health Care Needs she filed on June 16, 2008. *Runner v. Commonwealth of Kentucky et al.*, 3:08-CV-313-S. She also had filed suit on October 24, 2008, against the Commonwealth of Kentucky, the Cabinet for Health and Family Services, and the Commission for Healthcare. *Runner v. Commonwealth of Kentucky et al.*, 3:08-CV-567-S. Those suits were dismissed without prejudice on June 3, 2010, for failure to serve the defendants.

Plaintiff's prior cases in this Court did not toll the limitations period. *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987) (per curiam) (affirming dismissal of suit filed more than 90 days after receipt of right-to-sue letter and holding that filing a Title VII complaint that is later dismissed without prejudice for failure to perfect service does not toll the statutory filing period); *see also Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981) (holding that the pendency of an action, whether voluntarily or involuntarily dismissed without prejudice, does not operate to toll the running of the statute of limitations). The facts of the instant case are similar to those before the Sixth Circuit in *Wilson*. In *Wilson*, the plaintiff received a right-to-sue letter and eighty-seven days later filed a complaint in the Northern District of Ohio. *Id.* at 27. The plaintiff's case was dismissed without prejudice because she did not timely serve

the defendant in compliance with the Federal Rules of Civil Procedure. *Id.* Eighty-five days after the dismissal, the plaintiff in *Wilson* filed an identical complaint in a second lawsuit against the defendant. *Id.* The district court dismissed the second complaint because it was not filed within the ninety-day statutory filing period. *Id.* On appeal, the plaintiff argued that the dismissal of her prior complaint without prejudice tolled the statute of limitations. The Sixth Circuit expressly rejected this argument and held that "the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statue of limitations." *Id.* at 28. Furthermore, the Sixth Circuit rejected the application of equitable tolling because the plaintiff's "lack of diligence in effecting service upon [the defendant] within the necessary period cannot be the basis for an equitable tolling of the statutory filing period." *Id.* at 29.

The Court finds that this case is indistinguishable from *Wilson*. No external circumstances prevented Plaintiff from timely serving her complaints on the defendants in her previous suits. The Court finds Plaintiff's claims which were the subject of her EEOC charges untimely.

The claims Plaintiff makes which were not subject of the EEOC charges she filed – her dismissal, the subpoena to her employer, and the form of her final paycheck – are exhausted but are also time-barred. It is axiomatic that a federal employee who brings charges under Title VII must first exhaust the available administrative remedies. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). To that end, it is well settled that the federal courts will not have subject-matter jurisdiction over Title VII claims "unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001). "Generally, retaliation claims based on conduct that

occurs after the filing of the EEOC charge can be reasonably expected to grow out of the charge." *Id.* Here, Plaintiff's claims regarding her dismissal, the subpoena to her employer, and the form of her final paycheck, inasmuch as those claims are allegedly retaliation, can be said to grow from the EEOC charge(s), and those claims are administratively exhausted. However, for the reasons already discussed, *i.e.*, Plaintiff's failure to file this lawsuit within 90 days of her receipt of the "right-to-sue" letter, those claims are time-barred as well.

Finally, the Court agrees with Defendants that Plaintiff has not pled sufficient facts to make claims under the ADA or the Rehabilitation Act. However, her claims under those Acts would be barred by the one-year statute of limitations in any event. *See Lewis v. Fayette County Det. Ctr.*, No. 99-5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) (one-year statute applies in Kentucky to ADA and Rehabilitation Act claims); *Mosier v. Kentucky*, 675 F. Supp. 2d 693, 697-98 (E.D. Ky. 2009) (same).

### III.

Defendants' motion to dismiss (DN 13) is **GRANTED**. The instant action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4411.009